Robert F. McCauley (SBN 162056)
 robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
 arpita.bhattacharyya@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

*Attorneys for Defendant*
*Molex, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOLEX, LLC, <br><br> Defendant. | CASE NO. 4:23-cv-04787-JST <br><br> **DEFENDANT MOLEX, LLC'S PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** <br><br> Date: February 8, 2024 <br> Time: 2:00 PM <br> Location: Courtroom 6, 2nd Floor <br> Judge: Hon. Jon S. Tigar |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 8, 2024, at 2:00 p.m. in Courtroom 6, located on the 2nd Floor of the above-entitled court at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard before Honorable Jon S. Tigar, Defendant Molex, LLC will and hereby does move to dismiss under Rule 12(b)(6) Applied Optoelectronics, Inc.'s claims for willful infringement in the First Amended Complaint (ECF No. 8).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................1

III. RELEVANT LAW .........................................................................................................2

    A. Motion to Dismiss Standard...............................................................................2

    B. Pleading Standard for Willful Infringement ..................................................2

IV. ARGUMENT..................................................................................................................3

    A. AOI's Allegations of Post-Suit Willful Infringement Should Be Dismissed for Failure to Plausibly Plead Both Knowledge of the Asserted Patents and of Infringement..........................................................................................................4

    B. Even if the Court Allows the Complaints to Serve as Notice of the Asserted Patents and of Infringement, the Court Should Still Dismiss AOI's Allegations of Post-Suit Willfulness for Failure to Plausibly Plead Specific Intent to Infringe ..................................................................................................................6

    C. Dismissal of the Willfulness Claims Should Be Without Leave to Amend ............8

V. CONCLUSION...............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................................................2, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................................................2, 7

*Bush Seismic Techs. LLC v. Am. Gem Soc'y*,
No. 2:14-cv-1809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016) .................................3

*Callwave Commc'ns LLC v. AT & T Mobility LLC*,
Nos. 12-1701-RGA, -1702-RGA, -1703-RGA, -1704-RGA, -1788-RGA, 2014
WL 5363741 (D. Del. Jan. 28, 2014) .....................................................................................5

*Dental Monitoring SAS v. Align Tech., Inc.*,
No. C 22-07335 WHA, 2023 WL 4297570 (N.D. Cal. June 30, 2023) ............................3, 4

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
946 F.3d 1367 (Fed. Cir. 2020) .............................................................................................4

*Gustafson, Inc. v. Intersystems Indus. Products, Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ............................................................................................7, 8

*iFIT Inc. v. Peloton Interactive, Inc.*,
No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ............................................4, 8

*MasterObjects, Inc. v. Amazon.com, Inc.*,
No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ................................1, 6

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017) .............................................................................................3

*Proxyconn Inc. v. Microsoft Corp.*,
No. SACV 11-1681 DOC (ANx), 2012 WL 1835680 (C.D. Cal. May 16, 2012) .................5

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
No. 2:21-cv-09011-RGK-GJS, 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) .......................3

*Sonos, Inc. v. Google LLC*,
591 F. Supp. 3d 638 (N.D. Cal. 2022), *leave to appeal denied*,
Nos. 2022-134, -144, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ............................. passim

*Splunk Inc. v. Cribl, Inc.*,
No. C 22-07611 WHA, 2023 WL 2562875 (N.D. Cal. Mar. 17, 2023) .................................3

*Valjakka v. Netflix Inc.*,
   No. 22-cv-01490-JST, 2022 WL 19975412 (N.D. Cal. Oct. 11, 2022) ...................................2, 6, 7

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021)..........................................3, 4

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021)....................................................................................3, 4, 5

## I. INTRODUCTION

Plaintiff Applied Optoelectronics, Inc.'s ("AOI") allegations of post-suit willful infringement are legally and factually deficient and warrant dismissal. First, AOI's complaints do not allege that defendant Molex, LLC ("Molex") was provided any pre-suit notice of the patents-in-suit or of infringement. Instead, AOI attempted to use the complaints to provide the prerequisite notice of the patents and of infringement, which is not legally sufficient to plausibly plead allegations of post-suit willful infringement. Second, even if AOI's complaints are found legally sufficient to provide notice, AOI still did not allege any facts about Molex's conduct that would support a reasonable inference that Molex had the specific intent to infringe the patents-in-suit. Because AOI failed to plausibly plead Molex's "knowledge of the [alleged] infringed patent[s]," "knowledge of infringement," and "specific intent to infringe," AOI's allegations of post-suit willful infringement should be dismissed. *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *2, *6 (N.D. Cal. Oct. 7, 2021).

## II. STATEMENT OF FACTS

AOI's original Complaint, filed on September 18, 2023, asserted U.S. Patent Nos. 9,523,826 (the "'826 patent") and 10,466,432 (the "'432 patent") against Molex. ECF No. 1, Complaint, ¶ 4. AOI alleged that Molex had "knowledge and notice" since the filing of the Complaint of (i) the '826 and '432 patents and (ii) infringement of those patents. *Id.*, ¶¶ 21, 31. Based on "information and belief," AOI further alleged that Molex "willful[ly] and deliberate[ly]" infringed the '826 and '432 patents "at least at all times after the filing of the Complaint." *Id.*, ¶¶ 24, 34. AOI did not claim pre-suit willful infringement. Nor did AOI provide any other factual allegation supporting its claim for post-suit willful infringement. Based on these allegations of post-suit willfulness, AOI claimed it was "entitled to enhanced damages pursuant to 35 U.S.C. § 284." *Id.*, ¶¶ 24, 34.

Ten days later, on September 28, 2023, AOI filed a First Amended Complaint asserting four additional patents—U.S. Patent Nos. 9,170,383 (the "'383 patent"); 10,042,116 (the "'116 patent"); 10,175,431 (the "'431 patent"); and 10,379,301 (the "'301 patent") (collectively with the '826 and '432 patents, the "Asserted Patents"). ECF No. 8, First Amended Complaint, ¶ 4. For the '826 and '432 patents, the First Amended Complaint included the same assertions of willful infringement and

willfulness-based enhanced damages as those in the original Complaint. *Id.*, ¶¶ 25, 28, 35, 38. For the four newly asserted patents, AOI made similar allegations of willful infringement "at least at all times after the filing of the" First Amended Complaint, and made claims of enhanced damages based on the alleged post-suit willful infringement. *Id.*, ¶¶ 45, 48, 55, 58, 65, 68, 75, 78. To support its claim for willful infringement, AOI again only alleged that (i) Molex has had knowledge of the Asserted Patents and of infringement since at least the filing of the original Complaint or the First Amended Complaint, and (ii) on "information and belief," Molex's alleged infringement of the Asserted Patents is "willful and deliberate" "at least at all times after the filing of the" original Complaint or the First Amended Complaint. *Id.*

## III.   RELEVANT LAW

### A.   Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face[]'." *Valjakka v. Netflix Inc.*, No. 22-cv-01490-JST, 2022 WL 19975412, at *1 (N.D. Cal. Oct. 11, 2022) (Tigar, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[F]acial plausibility turns on providing enough 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Factual allegations fail to meet the plausibility standard when they provide "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When a plaintiff makes such recitals and statements, courts are not bound to accept them as true. *Id.*

### B.   Pleading Standard for Willful Infringement

Claims of willful infringement in a complaint are governed by the plausibility standard. *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643-44 (N.D. Cal. 2022) (Alsup, J.), *leave to appeal denied*, Nos. 2022-134, -144, 2022 WL 1486359 (Fed. Cir. May 11, 2022); *Valjakka*, 2022 WL 19975412, at *1. To adequately plead willful infringement, a patentee must assert factual "allegations of an infringer's knowledge of the patent and of infringement [that] raise a plausible inference that the defendant had the specific intent to infringe" at the time of the challenged conduct. *Sonos*, 591 F. Supp. 3d at 643-44; *Valjakka*, 2022 WL 19975412, at *2-3 (dismissing allegation of post-suit willfulness for

"fail[ing] to adequately plead specific intent to infringe the [asserted patent]," but allowing leave to amend (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017)).

With regard to pleading the predicate knowledge for an allegation of willful infringement, district courts are divided as to whether a complaint itself can satisfy the knowledge or notice requirement for pleading post-suit willful infringement. Another court in this District has repeatedly held that a complaint cannot provide a basis to plead post-suit willful infringement. *Sonos*, 591 F. Supp. 3d at 645-46 (discussing the district court split); *see also Dental Monitoring SAS v. Align Tech., Inc.*, No. C 22-07335 WHA, 2023 WL 4297570, at *6 (N.D. Cal. June 30, 2023) ("The undersigned is of the view that the filing of a complaint cannot, standing alone, serve as notice for purposes of willful and indirect infringement."); *Splunk Inc. v. Cribl, Inc.*, No. C 22-07611 WHA, 2023 WL 2562875, at *3 (N.D. Cal. Mar. 17, 2023) (same). Some other district courts have also adopted the view that the complaint cannot be the source of knowledge for purposes of willful infringement. *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250-51 (D. Del. 2021) ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of . . . willfulness-based enhanced damages."); *see also Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) ("[W]hile a plaintiff could file an amended complaint alleging willfulness, when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be."); *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-cv-09011-RGK-GJS, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (holding that "a claim of willful infringement, as pled in an original complaint, cannot be grounded in a prediction of defendant's post-suit actions. After all, a plaintiff cannot yet have a 'good faith basis for alleging willful . . . infringement based on post-suit conduct that has not yet occurred.'" (quoting *Bush Seismic Techs. LLC v. Am. Gem Soc'y*, No. 2:14-cv-1809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016)).

IV.  **ARGUMENT**

As discussed in detail below, AOI's allegations of post-suit willfulness are legally deficient and should be dismissed because neither the original Complaint nor the First Amended Complaint can

serve as notice of the Asserted Patents and of alleged infringement. Alternatively, the willfulness allegations should be dismissed because they do not plausibly plead specific intent to infringe as required by the pleading standard for willful infringement.

### A. AOI's Allegations of Post-Suit Willful Infringement Should Be Dismissed for Failure to Plausibly Plead Both Knowledge of the Asserted Patents and of Infringement

It is well established that "to plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge." *iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA, 2022 WL 609605, at *1 (D. Del. Jan. 28, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)); *Sonos*, 591 F. Supp. 3d at 643 (for a willful infringement claim, "knowledge of the patent and knowledge of infringement must be pled with plausibility").

Here, to support its allegations of post-suit willfulness, AOI relies solely on the filing of the original Complaint or the First Amended Complaint to allege that Molex has knowledge of the Asserted Patents and of alleged infringement. ECF No. 8, First Amended Complaint, ¶¶ 25, 28, 35, 38, 45, 48, 55, 58, 65, 68, 75, 78. AOI does not allege pre-suit knowledge of the Asserted Patents, let alone pre-suit knowledge of infringement. But many district courts, including one in this District, have held that a complaint cannot serve as the source of knowledge for allegations of post-suit willfulness. *See Dental Monitoring*, 2023 WL 4297570, at *6 ("[T]he filing of a complaint cannot, standing alone, serve as notice for purposes of willful and indirect infringement."); *ZapFraud*, 528 F. Supp. 3d at 250 ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of . . . willfulness-based enhanced damages."); *see also iFIT*, 2022 WL 609605, at *2 ("[A]n amended complaint cannot rely upon the original complaint as a basis to allege knowledge for a willful infringement claim." (citing *Wrinkl*, 2021 WL 4477022, at *7)). Because AOI relied only on the original Complaint or the First Amended Complaint to plead notice of the Asserted Patents and of infringement, AOI failed to plausibly plead notice or knowledge for its willful infringement claims under these cases.

To be sure, district courts across the country are divided on whether a complaint can serve as a source of knowledge to support willfulness allegations. *See ZapFraud*, 528 F. Supp. 3d at 249-50 & nn.1 & 2 (discussing split). Some district courts that have permitted a willfulness allegation to be predicated on post-suit knowledge have reasoned that "a well-pled, detailed complaint laying out a clear case of infringement could supply the knowledge (post-complaint) required for willfulness once a defendant has had a reasonable period of time to evaluate the complaint's contentions." *See, e.g.*, *Sonos*, 591 F. Supp. 3d at 645. But as the *ZapFraud* Court explained, "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim," and it is "neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims . . . ." 528 F. Supp. 3d at 251 (citation omitted). Moreover, as Judge Alsup observed in *Sonos*, "allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit." 591 F. Supp. 3d at 646; *see also ZapFraud*, 528 F. Supp. 3d at 251 (agreeing with Judge Andrews that "[t]here is a benefit to society if [a] matter is resolved without a suit," and that "a pre-suit notice letter could very well lead 'the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed.'" (alterations in original) (quoting *Callwave Commc'ns LLC v. AT & T Mobility LLC*, Nos. 12-1701-RGA, -1702-RGA, -1703-RGA, -1704-RGA, -1788-RGA, , 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) (Andrews, J.))); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (explaining that "[p]re-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement," and that such attempts "further[] judicial economy and preserve[] parties' resources").

Here, neither the original Complaint nor the First Amended Complaint alleged any pre-suit communication between AOI and Molex to resolve the purported disputes without a suit. Instead, AOI attempted to "circumvent the worthwhile practice to send a cease-and-desist letter before suit," and used the complaints instead as notice of the existence of the Asserted Patents and of infringement. *See Sonos*, 591 F. Supp. 3d at 643-46. But permitting a complaint to serve as notice creates "financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who

have no knowledge of the existence of the asserted patents," as is the case here. *ZapFraud*, 528 F. Supp. 3d at 251-52.

Therefore, Molex respectfully submits that this Court should join the many district courts that have "[r]ecogniz[ed] the efficacy of cease-and-desist letters" or other forms of pre-suit notice, and similarly disallow AOI's complaints from serving as notice of the Asserted Patents and of infringement for AOI's allegations of post-suit willfulness. *Sonos*, 591 F. Supp. 3d at 646. Accordingly, the Court should dismiss AOI allegations of post-suit willful infringement for failure to plausibly plead knowledge of the Asserted Patents and of infringement.

**B.   Even if the Court Allows the Complaints to Serve as Notice of the Asserted Patents and of Infringement, the Court Should Still Dismiss AOI's Allegations of Post-Suit Willfulness for Failure to Plausibly Plead Specific Intent to Infringe**

AOI fails to adequately plead its allegations of post-suit willful infringement because AOI does not plausibly allege that Molex had specific intent to infringe the Asserted Patents—AOI's mere pleading of direct infringement is insufficient to meet the plausibility standard for specific intent. *See Valjakka*, 2022 WL 19975412, at *2 ("To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." (citation omitted)); *see also MasterObjects*, 2021 WL 4685306, at *6 ("[W]illfulness requires pleading more than knowledge of the patent and direct infringement—it requires a specific intent to infringe." (citation omitted)).

In *Valjakka*, this Court explained that to adequately plead willful infringement, a plaintiff must allege facts directed to a defendant's specific intent to infringe the asserted patents. *See* 2022 WL 19975412, at *1-2. Applying this reasoning, this Court dismissed plaintiff's claims for both pre-suit and post-suit willful infringement. For the pre-suit allegations, plaintiff pointed to a pre-suit letter it sent to defendant alleging that defendant "knew from the letter that its conduct constituted infringement." *Id.* at *2. But this Court dismissed the pre-suit willfulness claims because plaintiff's letter failed to "support the plausible inference that [the defendant] had the specific intent to infringe the [asserted patent]." *Id.* This Court similarly dismissed the plaintiff's post-suit willful infringement claim for "fail[ing] to adequately plead specific intent to infringe the [asserted patent]." *Id.* Thus,

regardless of the type of willful infringement claim—pre-suit or post-suit—a plaintiff must adequately plead specific intent to infringe an asserted patent. *Id.*

Here, like the plaintiff in *Valjakka*, AOI failed to adequately plead that Molex had the specific intent to infringe the Asserted Patents. Rather, AOI merely alleged that (i) Molex had knowledge of the Asserted Patents and of infringement "since at least, and through, the filing of" the original Complaint or the First Amended Complaint, and (ii) on "information and belief," Molex's infringement of each the Asserted Patents is "willful and deliberate, at least at all times after the filing of the" original Complaint or the First Amended Complaint. ECF No. 8, First Amended Complaint, ¶¶ 25, 28, 35, 38, 45, 48, 55, 58, 65, 68, 75, 78. These allegations are conclusory and do not meet the pleading requirements for willful infringement. *See Valjakka*, 2022 WL 19975412, at *2.

More specifically, even if the Court were to permit the complaints to serve as notice of the patents and of direct infringement for purposes of AOI's post-suit willfulness allegations (it should not), AOI still failed to allege sufficient facts to "raise a plausible inference that [Molex] had the specific intent to infringe" because "[a]llegations of mere direct infringement are insufficient." *Sonos*, 591 F. Supp. 3d at 644. The threadbare allegations that Molex's infringement is "willful and deliberate" are inadequate because they do not assert "'enough facts to state a claim to relief that is plausible on its face,' where facial plausibility turns on providing enough 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Valjakka*, 2022 WL 19975412, at *1 (first quoting *Twombly*, 550 U.S. at 570; and then quoting *Iqbal*, 556 U.S. at 678).

In fact, AOI has pled no facts to support its allegations that Molex has engaged in deliberate or intentional post-suit infringement, nor can AOI plead such facts at this early stage of the litigation. Significantly, AOI cannot (and should not be allowed to) allege that Molex's continuing manufacture and sale of the alleged infringing products since the filing of the original Complaint show intent to infringe because there is no "universal rule that to avoid willfulness[,] one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit." *Gustafson, Inc. v. Intersys. Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). In fact, "[e]xercising due care, a party may continue to manufacture and may

present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer. That such a defense proves unsuccessful does not establish that infringement was willful." *Id.* (citation omitted).

Because AOI has not pled (and cannot plead) facts that can reasonably support allegations of post-suit intentional or deliberate infringement, the Court should dismiss AOI's allegations of post-suit willfulness for failure to plausibly plead specific intent to infringe.

### C. Dismissal of the Willfulness Claims Should Be Without Leave to Amend

The Court should dismiss AOI's willfulness allegations without leave to amend because amendment would be futile. As discussed in *supra* Section IV.A, AOI did not provide any pre-suit notice and AOI's complaints should not be allowed to serve as notice of the Asserted Patents and of alleged infringement. Therefore, if the Court agrees with the district courts that have found that a complaint cannot serve as the source of notice, then the Court should grant Molex's motion to dismiss without leave to amend because amendment cannot cure this legal deficiency in AOI's complaints. *See, e.g., iFIT*, 2022 WL 609605, at *2 (dismissing claims of post-suit willfulness without leave to amend for failure to provide notice).

Alternatively, if the Court finds (contrary to *Sonos*) that a complaint can serve as the source of notice but agrees that AOI failed to plausibly plead specific intent to infringe, *see supra* Section IV.B, the Court should still grant Molex's motion to dismiss without granting leave to amend because amendment would be futile at this juncture. This case is in its very early stages, and therefore there cannot be any reasonable factual allegations of post-suit intentional or deliberate infringement by Molex at this stage. AOI should not be permitted to amend its specific intent allegations unless and until it can later plead sufficient facts and establish good cause to amend its specific intent allegations under the governing law.

As to pre-suit willfulness, AOI did not assert any such claim in the original Complaint or in the First Amended Complaint. Therefore, AOI should not be allowed to take discovery of pre-suit notice, or to assert claims of pre-suit willfulness through amendment. Although in *Sonos*, Judge Alsup allowed discovery into defendant Google's pre-suit knowledge of the patents and of infringement (despite dismissing the allegations of post-suit willfulness), here discovery into Molex's pre-suit

knowledge and infringement would be futile and should not be allowed. *Cf. Sonos*, 591 F. Supp. 3d at 645-47. Unlike in *Sonos* where the facts regarding pre-suit notice were more complicated than here and there were allegations of pre-suit notice at least of related patents, *see id.*, here there is no allegation of pre-suit notice of the Asserted Patents, much less pre-suit notice of infringement of those patents. Moreover, discovery into Molex's pre-suit knowledge is unnecessary because if AOI had provided any notice (before the suit) of the Asserted Patents and their infringement, AOI should already have that information within its possession, custody, or control. Burdening Molex with discovery into any pre-suit knowledge of the patents or of infringement is unwarranted.

## V.  CONCLUSION

For at least the reasons stated above, AOI's willful infringement claims in ¶¶ 25, 28, 35, 38, 45, 48, 55, 58, 65, 68, 75, and 78 of the First Amended Complaint (ECF No. 8) should be dismissed without leave to amend.

Dated: November 22, 2023

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: /s/ Arpita Bhattacharyya
Arpita Bhattacharyya
*Attorneys for Defendant*
*Molex, LLC*